SHUBIN et al. v. UNITED STATES.

No. 11382.

Circuit Court of Appeals, Ninth Circuit.

Dec. 1, 1947.

Rehearing Denied Dec. 18, 1947.

McLaughlin, McGinley & Hanson and James A. McLaughlin, all of Los Angeles, Cal., for appellants.

James M. Carter, U. S. Atty., and Ernest A. Tolin and William Strong, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS, and ORR, Circuit Judges.

ORR, Circuit Judge.

The appellants were prosecuted upon an indictment of forty counts, Count One charging conspiracy to violate the Emergency Price Control Act of 1942, 50 U.S.C. A.Appendix, § 901 et seq., and the remaining counts charging substantive sales in excess of the legal maximum price and the falsification of entries in documents required to be kept under the provisions of the Emergency Price Control Act and regulations. Prior to the submission of the case to the jury, the government dismissed sixteen of the substantive counts. Appellants William Shubin and Jack L. Kissel were convicted on all the remaining counts, and appellant Frederick Shubin was found guilty on the one conspiracy count and on six substantive counts. William Shubin and Jack L. Kissel were fined a total of $28,000 and sentenced to one year imprisonment on the conspiracy count, and six months on each of the other 23 counts, all sentences to run concurrently. Frederick Shubin was fined $5,500 and given concur-

rent sentences of six months on Count One, and three months on each of the other six counts.

The indictment charged in detail that appellants, while engaged as partners in the sale of meat at wholesale under the firm name of Vernon Hotel & Restaurant Supply Company, systematically sold their meat at prices in excess of the legal maximum and made fraudulent entries on their records to conceal their illegal activities.

The undisputed testimony of the three retail meat dealers, Dvorak, Veuhoff and Snider, who testified for the Government, indicated the following:

On or about November 1942, William Shubin had a discussion with Dvorak with regard to Dvorak's purchasing meat at overceiling prices. Dvorak was told that if he wanted to stay in business he would have to "play ball." Some months later, Dvorak began to make over-ceiling purchases of meat. Invoices were issued by the Vernon Hotel & Restaurant Supply Company in amounts not in excess of the price ceilings, and the sum on the invoice was paid to a clerical employee. An additional sum was paid in cash on each occasion to "either Bill or Jack," i. e., William Shubin or Jack L. Kissel. Evidence of 16 such over-ceiling purchases by Dvorak in 1944 and 1945 was introduced by the Government. About the first of the year 1945, Veuhoff had a similar conversation with Jack Kissel relative to Veuhoff's purchasing meat at over-ceiling prices, and Kissel told Veuhoff he would have to pay ten cents a pound over ceiling for bacon and ham, three or four cents for beef and eight or ten cents for pork loins. The same procedure was henceforth followed with Veuhoff who paid the invoice price of each purchase to a clerical employee, and an over-ceiling sum to William Shubin or Jack Kissel. Four such sales occurred in 1945. Snider, who operated a retail meat business under the name "P. & S. Market," testified to three similar over-ceiling transactions in 1944 and 1945.

Appellants assign as error the admission into evidence, over appellants' objections, of the testimony of the witnesses Dvorak, Veuhoff and Snider. The admission of the evidence of these witnesses is claimed to be improper because said witnesses, with a single exception, failed to identify the particular appellant who sold them meat at over ceiling prices. Witness Snider identified appellant Jack Kissel as having made one such sale to him. As to other instances the witnesses testified they made purchases from "either Bill or Jack." In view of the fact that other evidence in the case, which we will hereinafter discuss, connects the appellants with the making of illegal sales and the existence of a general scheme or plan entered into by them so to do, the contention of appellants as to the admissibility of the evidence of said witnesses is without merit.

The evidence of witnesses Dvorak, Veuhoff and Snider was but a part of the evidence in the case. Its weight was for the jury to consider in connection with all the other evidence in the case in arriving at their verdict. However, appellants contend that this cannot be so because there is no other competent evidence in the case which the jury was entitled to consider. We disagree.

Certain admissions testified to as having been made by appellants identifies each with the illegal transactions. Appellants contend that the circumstances under which these admissions were made render them incompetent and privileged.

According to the evidence appellants, doing business as the Vernon Hotel & Restaurant Company, demanded and received overcharges in the sum of $141,125. They failed and neglected to report this sum in making their income tax returns. Later becoming apprehensive as to the probable consequences to themselves because of this failure and neglect they consulted their attorneys. Appellants desired to make proper accounting to the Collector of Internal Revenue but in doing so they were anxious to avoid disclosure of violations of the O.P.A. regulations.

Their attorneys, believing they had devised a scheme whereby supplemental income returns could be made and the O. P. A. violations not disclosed, so advised appellants. The supplemental returns were made and the Internal Revenue Department launched an investigation. Pursuant to in-

vitation the appellants, accompanied by their attorneys, voluntarily appeared before agents of the Internal Revenue Department. The appellants were carefully and fully informed that any statement they might make could be used against them in any future action. After consultation with their attorneys appellants made the statements. There seems to be no question as to the free and voluntary nature thereof. The statements above referred to were made on July 24, 1945. During the latter part of December of the same year agents of the Internal Revenue Department made an investigation of the partnership books. During the examination the appellants made disclosures as to the operation of the partnership affairs which conclusively established their connection with a scheme and plan to exact and receive overcharges which, as we have said, resulted in a gain to them of $141,125.

Receiving information that appellants in the conduct of their partnership business had violated ceiling prices fixed by O. P. A. the United States Attorney for the Southern District of California directed a communication to the Attorney General of the United States asking that official to request the Commissioner of Internal Revenue to permit "Special Agents D. O. Bircher and Samuel Phoebus, and Internal Revenue Agent J. Bryant Eustice, to testify at the trial of the above-entitled case, and to furnish such information and documents as are in their possession pertinent to said case." The Vernon Hotel & Restaurant Supply Company was named as a defendant in said communication and the Attorney General was informed that the defendant was to be charged with conspiracy to violate the Emergency Price Control Act. The Attorney General communicated the request to the Commissioner of Internal Revenue who in turn granted the request. Certain regulations have been promulgated by the Commissioner of Internal Revenue pursuant to the authority granted by § 55 of Title 26 U.S.C.A.Int.Rev. Code. These regulations are found in Commerce Clearing House on Taxation as T.D. 4945, § 463 D. 4 (C.C.H. par. 517, p. 3124); T.D. 4945, § 463 D. 5 (C.C.H. par. 518); T.D. 4929, § 463 C. 35 (C.C.H. par. 506).

In submitting his request to the Attorney General the United States Attorney did not name the individuals comprising the partnership but named the Vernon Hotel & Restaurant Supply Company only.

During the trial of the case the Government attempted to introduce into evidence the income tax returns of the partnership and of the individual partners. Appellants objected to the reception of the said returns on the ground that the request from the United States Attorney to the Attorney General did not name the individual partners, hence the evidence was illegally secured and thus came within the established practice in the United States Courts that illegally secured evidence will not be admitted. The court sustained the objection as to the returns of the individual partners but not as to the partnership. The ruling of the court protected the interests of individual partners insofar as their individual returns were concerned in full measure. Yet the appellants complain that use of information obtained by the revenue agents investigating the affairs of the partnership should not have been permitted because, by its use, certain illegal overcharges demanded and received by the appellants in the conduct of that business, were disclosed. The ruling of the trial court in admitting the testimony of the revenue agents as to information received by them in investigating the affairs of the Vernon Hotel & Restaurant Supply Company, was proper. The agents had express authority from the Commissioner of Internal Revenue to reveal that information and the request to the Commissioner from the United States Attorney expressly requested what the Commissioner authorized. No documents were introduced in evidence; the agents testified as to conversations and statements heard by them in the course of their investigations. There is no force to the contention that because the operations of the individual partners were so interwoven with the operations of the partnership that in dealing with partnership affairs actions of the individuals were unavoidably disclosed and hence the whole affair should be clothed with secrecy, otherwise the income tax returns of the individual partners would be made public. The agents used the statements made

380

by the individual partners to refresh their memories. This action it is claimed rendered their testimony incompetent on the oft repeated ground that individual partnership income tax returns were being introduced into evidence in a roundabout way. The information testified to by the revenue agents was known to them at the time the admissions were made. It is not claimed that the testimony in any manner varied from the information they possessed before reading the statements prior to testifying.

Appellants contend the sentences imposed by the court are excessive. Considering the sentences imposed in connection with the enormity of the crimes of which appellants were convicted we think the trial court exercised a sound discretion in imposing sentence. Other contentions arc made by appellants but we think that with what we have said relative to the admissibility of the challenged evidence they become devoid of merit and we will not pause to relate them.

Judgment affirmed.