[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12905

Non-Argument Calendar

_____

USA,

Plaintiff-Appellee,

*versus*

JOVON MONTELL HOLLOWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cr-00239-JPB-JKL-1

_____

Before NEWSOM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

JoVon Hollowell, proceeding *pro se*, appeals his convictions for dealing firearms without a license and making false statements to a federally licensed firearms dealer. Hollowell argues that the court did not have jurisdiction over him because he is a citizen of the Cherokee Nation rather than the United States, citing the Major Crimes Act.[1] He also contends that he was not tried by a jury of his peers, as the jury did not consist of his fellow tribal members. We hold that the District Court had jurisdiction, and we affirm Hollowell's convictions.

## I.

On June 15, 2021, a federal grand jury charged Hollowell in a three-count indictment. Count one charged Hollowell with dealing firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D). Counts two and three charged Hollowell with making false statements to a federally licensed firearms dealer, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). The indictment alleged that Hollowell violated the statutes in Clayton County, Georgia, which is in the Northern District of Georgia. Following a hearing, the District Court permitted Hollowell to represent himself *pro se* with standby counsel.

---

[1] *See* 18 U.S.C. § 1153.

Hollowell later filed a document that the District Court construed as a motion to dismiss for lack of jurisdiction. There, he summarily argued that the court lacked jurisdiction. The District Court denied the motion, finding that there was jurisdiction based on the indictment.

During jury selection, Hollowell moved for a mistrial because the jury did not consist of his peers, as none of the jurors were Indigenous. The Government argued that there was no legal basis for a mistrial, and the District Court denied the motion.

At trial, the Government called Benjamin Southall. Southall testified that he worked for the Bureau of Alcohol, Tabaco, and Firearms ("ATF"), investigating violations of federal firearms laws. Southall added that he witnessed Hollowell buy firearms from Arrowhead Pawn in Clayton County, Georgia.

The Government also admitted a receipt for firearms Hollowell bought from Arrowhead Pawn. Additionally, the Government admitted an ATF Form 4473 "Firearms Transaction Record" that Hollowell completed with each firearm that he purchased—which federal firearms licensees are required to obtain before transferring a firearm to a purchaser. On the form, Hollowell stated that he was a U.S. Citizen, lived in Dunwoody, Georgia, and answered "yes" in the fields asking whether he was the actual transferee or buyer of the firearm. The Government also admitted text messages that showed Hollowell had coordinated with potential customers about meeting to buy the firearms he had purchased from Arrowhead Pawn.

Collectively, the evidence demonstrated that Hollowell made false statements when he purchased sixteen firearms over a two-month period with intent to resell the firearms for profit. The jury found Hollowell guilty on all counts.

After the trial, Hollowell filed multiple documents arguing that the court lacked jurisdiction due to his Indigenous nationality of the Cherokee Nation. At his sentencing hearing, Hollowell again objected that the court lacked jurisdiction over him as a citizen of the Cherokee Nation. Further, he contended that the jury did not consist of his peers. The District Court overruled Hollowell's objections and it imposed a total sentence of forty-six months' imprisonment followed by three years of supervised release. Hollowell timely appealed.

## II.

We review questions of statutory subject matter jurisdiction *de novo*. *United States v. Grimon*, 923 F.3d 1302, 1305 (11th Cir. 2019).

## III.

Although he makes multiple conclusory arguments, all of Hollowell's arguments rely on the same premise: the District Court did not have jurisdiction because he is a citizen of the "Tsalagi Cherokee Nation" and did not commit any offense under the Major Crimes Act, 18 U.S.C. § 1153. Hollowell also asserts that he was not tried by a jury of his peers because the jury did not consist of fellow tribal members. We disagree.

District courts have jurisdiction to hear cases involving "all offenses against the laws of the United States." 18 U.S.C. § 3231. "[A]n indictment charging that a defendant violated a law of the United States gives the district court jurisdiction over the case . . . ." *McCoy v. United States*, 266 F.3d 1245, 1252 (11th Cir. 2001). And "[a] federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law" in its district. *United States v. Rendon*, 354 F.3d 1320, 1326 (11th Cir. 2003).

As to Hollowell's main contention, the District Court had both subject matter and personal jurisdiction. The indictment charged Hollowell with violating federal laws—dealing in firearms without a license and making false statements to a federally licensed firearms dealer—based on his firearm purchases from Arrowhead Pawn in suburban Atlanta. As we have previously noted, "[s]ubject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231. . . . That's the beginning and the end of the jurisdictional inquiry." *McCoy*, 266 F.3d at 1252 n.11 (omission in original) (quoting *Hugi v. United States*, 164 F.2d 378, 380 (7th Cir. 1999)). Thus, Hollowell's status as a Native American is irrelevant.[2]

---

[2] Although Hollowell does not explicitly refer to himself as a "sovereign citizen," he asserts that the District Court lacked jurisdiction because he is a "natural man." We have summarily rejected "so called 'sovereign citizen[]'" theories as frivolous. *Cantu v. City of Dothan*, 974 F.3d 1217, 1223 n.2 (11th Cir. 2020) (quoting *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013)).

Likewise, Hollowell's invocation of the Major Crimes Act is immaterial. The Major Crimes Act applies to crimes committed "within . . . Indian country." 18 U.S.C. § 1153(a). Indian country includes "all land within the limits of any Indian reservation under the jurisdiction of the United States Government." *Id.* § 1151. Suburban Atlanta does not meet that definition. *See McGirt v. Oklahoma*, 140 S. Ct. 2452, 2459, 207 L. Ed. 2d 985 (2020) (noting that the "key question" under the Major Crimes Act is whether an offense was committed in Indian country).

Finally, Hollowell has abandoned any argument that he was not tried by a jury of his peers. Although we construe *pro se* filings liberally, "this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019) (quoting *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Hollowell's filing fails to point to any law or supporting authority for this argument. At best, Hollowell's assertion is based on his sovereign citizen argument, which this Court has summarily rejected as frivolous. *See United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013). And "simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal." *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) (per curiam); *see also Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned."). Hollowell, thus, has abandoned this issue.

22-12905                Opinion of the Court                7

Accordingly, we hold that the District Court had jurisdiction and we affirm Hollowell's conviction.

**AFFIRMED.**