[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 11, 2012
JOHN LEY
CLERK

_____

No. 11-10897
Non-Argument Calendar

_____

Docket No. 113C-0 : 0:10-cv-62175-WPD


ALLEN T. LUDA,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL OF THE STATE OF FLORIDA,

Respondents-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 11, 2012)


Before EDMONDSON, BARKETT and MARCUS, Circuit Judges.


PER CURIAM:

Allen T. Luda, a Florida prisoner, appeals the district court's dismissal of his pro se 28 U.S.C. § 2254 habeas corpus petition as time-barred. In his section 2254 petition, Luda challenged his convictions for sexual battery on a child and indecent assault and his resulting life sentence. No reversible error has been shown; we affirm.

That Luda's section 2254 petition was untimely is undisputed. In response to the magistrate judge's request for a supplemental memorandum on the timeliness issue, however, Luda argued that his untimely filing should be excused (1) because the state trial court delayed his direct appeal proceedings when it failed to file a complete record with the appellate court, and (2) because his lawyer failed to file a timely post-conviction motion under Fla.R.Crim.P. 3.850.

Noting that Luda's section 2254 petition was untimely and that Luda failed to allege grounds for equitable tolling, the district court ordered both parties to brief the issue of whether Luda was entitled to equitable tolling. Luda failed to respond. The district court dismissed Luda's petition as time-barred. In the alternative, the court also addressed and rejected Luda's claims on the merits.

The district court then granted a certificate of appealability ("COA") for "the issue of whether trial counsel was ineffective in not making a more specific objection to closing the courtroom to the public and, if so, is this issue time-

barred." We read this COA to include whether Luda's petition was timely filed and whether he was entitled to equitable tolling. See McCoy v. United States, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001) (explaining that we will read the COA to encompass procedural issues that must be resolved before we can reach the underlying claim).

We review de novo the district court's dismissal of a federal habeas petition as time-barred under 28 U.S.C. § 2244(d). Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). We also review de novo the district court's determination that equitable tolling is inapplicable. Id.

Section 2244(d) imposes a one-year limitation period for filing a section 2254 habeas petition that begins to run on the latest of four triggering events, including "the date on which the judgment became final." 28 U.S.C. § 2244(d)(1)(A). A federal habeas petitioner may be entitled to equitable tolling of the one-year limitation period, however, if he "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Steed, 219 F.3d at 1300. "Equitable tolling is an extraordinary remedy which is typically applied sparingly." Id. The petitioner bears the burden of establishing that equitable tolling should apply. Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).

Luda's arguments fail to address adequately his untimely filing. The delays in his direct appeal proceedings occurred before his judgment became final and, thus, did not affect the timeliness of his section 2254 petition. In addition, his lawyer's alleged delay in filing his state post-conviction motion does not excuse Luda's untimely filing because -- even absent a delay in filing his state post-conviction motion -- over 365 days of untolled time ran before Luda filed his section 2254 petition. Because Luda has failed to demonstrate either that his untimely filing was the result of extraordinary circumstances or that he acted with diligence in pursuing his habeas rights, he is unentitled to equitable tolling. Thus, Luda's petition was properly dismissed as time-barred and we need not reach the merits of the underlying claim identified in the COA.

AFFIRMED.