[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12877
Non-Argument Calendar
_____

D.C. Docket No. 9:13-cr-80047-RSR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GABREL DERECK GARCIA,
a.k.a. Derick Jose Garcia,
a.k.a. Jose Estuardo Garcia-Velasquez,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 11, 2013)

Before PRYOR, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Gabrel Dereck Garcia appeals the 37-month sentence he received after

pleading guilty to one count of illegally reentering the United States after being

deported in violation of 8 U.S.C. § 1326(a) and (b)(1). He contends his rights under the Fifth Amendment were violated because the indictment failed to identify a prior felony conviction based upon which he was sentenced above the otherwise applicable statutory maximum. We are bound by Supreme Court precedent to reject that contention, as Garcia recognizes, and therefore affirm.

Under 8 U.S.C. § 1326(a), it is illegal for an alien who previously has been deported to reenter the United States. The statutory maximum sentence for that offense, by itself, is two years in prison. Subsection (b)(1), however, increases the statutory maximum penalty to 10 years' imprisonment if the alien has a prior felony conviction. Although the indictment against Garcia listed §1326(b)(1), it included no factual allegation that he had a prior felony conviction. Based upon that error, Garcia contends that the indictment failed to allege each element of the offense, in violation of his rights under the Fifth Amendment's Indictment Clause.[1]

---

[1] The government argues Garcia waived this challenge by his unconditional guilty plea. As a general rule, a defendant who knowingly and voluntarily enters an unconditional guilty plea waives all nonjurisdictional challenges to the indictment. *United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003). The indictment's failure to charge the elements of an offense is a jurisdictional defect. *United States v. Meacham*, 626 F.2d 503, 507, 509-10 (5th Cir. 1980); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981). Garcia's challenge is that his indictment failed to charge an element of the crime of which he was convicted, namely the prior-felony requirement under § 1326(b)(1). In some contexts, we have indicated that omission of a statutory element of an offense that simply increases the punishment for a crime is not a jurisdictional issue. *See McCoy v. United States*, 266 F.3d 1245, 1249-54 (11th Cir. 2001). We have never decided as much with respect to the prior-felony prong of an offense under 8 U.S.C. § 1326(a), (b)(1). Despite the government's invitation, we need not do so today because we conclude Supreme Court precedent squarely forecloses Garcia's challenge.

Garcia concedes, however, that the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 239, 246-248 (1998), squarely forecloses his contention by holding the prior-felony element of a § 1326(b)(1) conviction need not be alleged in the indictment.  He also admits we recently have stated *Almendarez-Torres* remains binding law until the Supreme Court expressly overrules it.  *United States v. Steed*, 548 F.3d 961, 979-80 (11th Cir. 2008).  Finally, he concedes that the Supreme Court explicitly refused to do so in *Alleyne v. United States*, an opinion issued not six months ago.  — U.S. — , 133 S. Ct. 2151, 2160 n.1 (2013).

Accordingly, because the only challenge Garcia raises is squarely foreclosed by binding precedent, we affirm his conviction and sentence.

**AFFIRMED.**

3