[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13065
Non-Argument Calendar
_____

D.C. Docket Nos. 3:11-cv-00196-RBD-TEM, 3:07-cr-00275-TJC-TEM-1

JAMES G. HILL,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 4, 2014)

ON PETITION FOR REHEARING

Before MARCUS, FAY, and EDMONDSON, Circuit Judges.

PER CURIAM:

We sua sponte grant rehearing in this case, vacate our prior opinion filed on

8 October 2013 in its entirety, and substitute the following opinion in its place.

James Hill appeals the denial of his 28 U.S.C. § 2255 motion, in which he argued that his due process rights were violated because his sentence was enhanced under the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e), when his earlier Florida conviction for battery on a law enforcement officer constituted no "violent felony" under the statute.

By way of background, in 2007, Hill pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); and his plea agreement contained a collateral-review waiver in which he agreed to waive his right to challenge collaterally his conviction. The waiver permitted him to challenge his sentence if his sentence was above the statutory maximum. Hill previously had been convicted of, among other things, battery on a law enforcement officer. So, the district court determined that Hill was an armed career criminal. Hill did not object to the application of the ACCA before the district court, and he was sentenced to 188 months' imprisonment in 2008. If not sentenced as an armed career criminal, Hill faced a statutory maximum of ten years' imprisonment. Hill filed no direct appeal.

In 2012, Hill filed his § 2255 motion; he argued the motion was timely under § 2255(f)(3) because the motion was based on the Supreme Court's decision in *Johnson v. United States*, 559 U.S. 133, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). The district court denied the motion, concluding that (1) Hill's claim was

2

procedurally defaulted because he had not raised it on direct appeal, (2) the motion was time-barred both because he did not file it within one year of the date on which his conviction became final and because we had not declared *Johnson* retroactively applicable on collateral review, and (3) the motion was barred by his collateral-review waiver.

Hill filed a timely notice of appeal, and we granted a certificate of appealability ("COA") on the following issues:

(1)     Whether the district court erred in determining that Hill's 28 U.S.C. § 2255 motion was time-barred, procedurally defaulted, and barred by his sentence-appeal waiver.

(2)     If so, whether the original sentencing court violated Hill's due-process rights by imposing his sentence under the [ACCA].

On appeal, Hill concedes that his claim was procedurally barred, but argues that the district court should have held an evidentiary hearing to determine whether he could show either actual innocence or cause and prejudice sufficient to overcome the procedural bar.  In addition, he argues that his § 2255 motion was timely because it was filed within the one-year limitation period established in § 2255(f)(3), as *Johnson* is a retroactively applicable decision.  He also argues that the collateral-review waiver did not bar his § 2255 motion because his ACCA-enhanced sentence is above the otherwise applicable statutory maximum.  Moreover, he argues that his due process rights were violated because he should not have been sentenced as an armed career criminal.

3

When reviewing the denial of a § 2255 motion, we review *de novo* questions of law; and we review findings of fact for clear error. *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). We may affirm on any ground supported by the record. *Id.* at 1195-96. The burden of proof is on the movant. *See Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir. 1983) (noting that the burden of proof was on the petitioner in a habeas corpus proceeding, including to establish cause and prejudice to excuse procedural default).

A claim is procedurally defaulted, such that the prisoner cannot raise it in a collateral proceeding, when a defendant could have raised an issue on direct appeal but did not do so. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). A claim is procedurally defaulted even if it was foreclosed explicitly by existing circuit precedent at the time of the defendant's direct appeal. *McCoy v. United States*, 266 F.3d 1245, 1258-59 (11th Cir. 2001) (noting that perceived futility does not constitute cause to excuse a procedural default).

Defendants can avoid the procedural bar by establishing that either of the following exceptions applies: (1) cause and prejudice, or (2) a miscarriage of justice based on actual innocence. *McKay*, 657 F.3d at 1196. Under the actual-innocence exception, the defendant must show that he was "actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence itself." *Id.* Whether the actual-innocence exception extends to the

4

non-capital sentencing context is an open question. *Id.* at 1197 & n.12. The actual-innocence exception is "exceedingly narrow in scope" because it requires that the defendant establish that he was, in fact, innocent of the offense, not merely legally innocent, even in the sentencing context. *Lynn*, 365 F.3d at 1235 n.18; *see also McKay*, 657 F.3d at 1197-98.

We have said that the actual-innocence exception does not apply to a defendant who procedurally defaulted his claim that he erroneously was sentenced as a career offender under the Sentencing Guidelines because his conviction was not a "crime of violence" under the Guidelines. *McKay*, 657 F.3d at 1191-92, 1198. We explained that the actual-innocence exception did not apply because the claim was "one of legal, rather than factual, innocence and thus fails to fall within the actual innocence exception's purview." *Id.* at 1198. Although we expressly did not resolve whether the actual-innocence exception extended to the non-capital sentencing contexts, we wrote that we refused "to extend the actual innocence of sentence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence." *Id.* at 1198-99. *McKay* persuades us.

Here, the district court did not err by denying Hill's § 2255 motion as procedurally defaulted. Hill cannot satisfy the actual-innocence exception to the procedural bar because he argued only that he was legally innocent of a violent felony (battery on a law enforcement officer is not a violent felony under the

ACCA), not that he was factually innocent of the crime of battery on a law enforcement officer.  Hill also cannot satisfy the cause and prejudice exception because, although his claim was foreclosed by this Court's precedent when Hill was sentenced, the perceived futility of a claim does not establish cause to excuse the default.  *See McCoy*, 266 F.3d at 1258-59.

Because Hill's arguments fail, as a matter of law, to establish actual innocence or cause and prejudice, we decline to remand for an evidentiary hearing. *See Tejada v. Dugger*, 941 F.2d 1551, 1556 (11th Cir. 1991).  Hill's sole claim is procedurally barred; we need not reach his other arguments.

**AFFIRMED.**

6