[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14106

Non-Argument Calendar

_____

MATTHEW TYREL LANCE,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 2:19-cv-00156-SCJ

_____

Before JILL PRYOR, BRANCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Matthew Lance appeals the district court's order denying his 28 U.S.C. § 2254 petition. On appeal, he argues that the state appellate court erred because it allowed him to be convicted without a valid indictment for something that was legally protected by his constitutional right to privacy. Specifically, he contends that the indictment charged him with committing sodomy, in violation of Georgia Code 16-6-2(a)(1) but failed to reference force or lack of consent as elements of the offense. He also contends that Georgia Code 16-6-2(a)(1) is unconstitutional because it has no lack-of-consent element, an essential element of the crime. Having reviewed the record and read the parties' briefs, we affirm the district court's order denying Lance's habeas petition.

## I.

When examining a district court's denial of a § 2254 habeas petition, we review questions of law and mixed questions of law and fact *de novo* and findings of fact for clear error. *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1259 (11th Cir. 2005). Although "appellate review is limited to the issues specified in the COA," we construe the issues in light of the pleadings and other parts of the record. *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998).

## II.

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court may only grant habeas relief with respect to a claim adjudicated in state court if the state court's decision was: (1) "contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). "A state court acts contrary to clearly established federal law if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court of the United States and nevertheless arrives at a result different from its precedent." *Reese v. Sec'y, Fla. Dep't of Corr.*, 675 F.3d 1277, 1286 (11th Cir. 2012) (quotation marks omitted). A state court unreasonably applies clearly established federal law if it "identifies the correct governing legal rule but unreasonably applies it to the facts of the particular state prisoner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Id.* (quotation marks omitted).

Although we afford deference to a state court's determination that a claim lacks merit, where the state court did not adjudicate the merits of a properly presented claim, no deference is owed under § 2254(d), and the claim is reviewed *de novo* instead of under AEDPA's deferential standard. *Brewster v. Hetzel*, 913 F.3d 1042, 1051 (11th Cir. 2019). We can deny a petition under § 2254 by

4                    Opinion of the Court                    21-14106

engaging in *de novo* review when it is unclear whether AEDPA deference applies.  *Trepal v. Sec'y, Fla. Dep't of Corr.*, 684 F.3d 1088, 1109-10 (11th Cir. 2012).

Structural errors, which are errors that require automatic reversal on appeal, are a "very limited class," that include, among other errors, the complete denial of counsel, a biased trial judge, racial discrimination in the selection of the grand jury, and the denial of a public trial.  *Neder v. United States*, 527 U.S. 1, 8, 119 S. Ct. 1827, 1833 (1999).  However, "most constitutional errors can be harmless."  *Id.* at 8, 119 S. Ct. at 1833 (quotation marks omitted). We have held that harmless error review applies to the omission of an element from the indictment.  *McCoy v. United States*, 266 F.3d 1245, 1250-51 (11th Cir. 2001).

On collateral review, an error is harmless unless there is "grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict.  There must be more than a reasonable possibility that the error was harmful."  *Foster v. United States*, 996 F.3d 1100, 1107 (11th Cir.) (quotation marks omitted) (addressing errors in both the indictment and jury instructions), *cert. denied*, ___ U.S. ___, 142 S. Ct. 500 (2021).  Thus, there must be "actual prejudice."  *Id.* (quotation marks omitted).  In determining whether the error resulted in actual prejudice, we ask, "whether the error substantially influenced the jury's decision."  *Id.*

In *Lawrence*, the Supreme Court held that a Texas statute that criminalized homosexual sodomy violated the Due Process

21-14106                Opinion of the Court                    5

Clause of the Fourteenth Amendment. *Lawrence v. Texas*, 539 U.S. 558, 578, 123 S. Ct. 2472, 2483 (2003). The Court stressed that the case did not involve "minors," "persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused," or "public conduct or prostitution." *Id.*, 123 S. Ct. at 2484. In other words, *Lawrence* held that private, consensual acts of sodomy between adults are beyond the power of the criminal law to proscribe. *See id.*

Under Georgia law, "[a] person commits the offense of sodomy when he . . . performs or submits to any sexual act involving the sex organs of one person and the mouth . . . of another." O.C.G.A. § 16-6-2(a)(1). Next, "[a] person commits the offense of aggravated sodomy when he . . . commits sodomy with force and against the will of the other person." *Id.* § 16-6-2(a)(2). In *Powell*, the Georgia Supreme Court held that, to the extent that Georgia Code § 16-6-2 "criminalize[d] the performance of private, unforced, non-commercial acts of sexual intimacy between persons legally able to consent," it infringed upon Georgia citizens' constitutional right to privacy. *Powell v. State*, 510 S.E.2d 18, 26 (1998); *see also Howard v. State*, 527 S.E.2d 194, 195 (2000) (stating that *Powell* "struck down the sodomy statute insofar as it applies to private, non-commercial acts between consenting adults").

Here, Lance's argument that O.C.G.A. § 16-6-2(a)(1) is unconstitutional is outside the COA and beyond the scope of our review. Additionally, we need not decide whether AEDPA deference applies because Lance's claim fails under *de novo* review.

Assuming that Lance's indictment erroneously omitted an element of the offense, lack of consent, harmless error analysis applies to the error.  The record shows that any error in the indictment was harmless because it did not substantially influence the jury's verdict.  First, the record shows that Lance was on notice of the nature of the charge that he had to defend against because he argued at trial that the victim consented to the sodomy and asserted that the "whole case was about consent."  Second, the trial court instructed the jury that, if the state failed to prove a lack of consent beyond a reasonable doubt as to any of the charged acts, the jury had to acquit Lance, and the jury presumably followed that instruction.  *See Weeks v. Angelone*, 528 U.S. 225, 234, 120 S. Ct. 727, 733 (2000) ("A jury is presumed to follow its instructions."). Third, the state produced evidence that the sodomy was nonconsensual when the victim said that she did not want Lance's penis in her mouth, he forced her to keep his penis in her mouth, and she stated that she did not consent to him putting his penis in her mouth.  Accordingly, based on the aforementioned reasons, we affirm the district court's order denying Lance habeas relief.

AFFIRMED.