**Robert Warren CHARLES, Petitioner–Appellant,**

v.

**John LAMANNA, Warden, Respondent–Appellee.**

No. 01–3780.

United States Court of Appeals, Sixth Circuit.

Dec. 10, 2001.

Before MERRITT, CLAY, and GILMAN, Circuit Judges.

### ORDER

Robert Warren Charles, a pro se federal prisoner, appeals from a district court judgment dismissing his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. Charles also moves for in forma pauperis status. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1991, Charles pleaded guilty to kidnaping, *see* 18 U.S.C. § 1201, and received a 260 month sentence. His direct appeals were ultimately unsuccessful. His motion to vacate sentence was denied, and the denial was affirmed on appeal. In his § 2241 petition, Charles claims that his 260 month sentence violates the rule established by the Supreme Court in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court noted that the kidnaping statute con-

tains a maximum of life in prison, so the court held that Charles's 260 month sentence did not violate the rule in *Apprendi.*

Upon consideration, we choose to affirm the district court's judgment on another ground. *See Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999) (per curiam), *cert. denied,* 528 U.S. 1198, 120 S.Ct. 1263, 146 L.Ed.2d 118 (2000). In order to attack a sentence in a § 2241 proceeding, a petitioner must show that his remedy under § 2255 is inadequate or ineffective. 28 U.S.C. § 2255, ¶ 5; *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir.1999). The only type of claim that this Court may choose to recognize as falling under this exception would be an actual innocence claim similar to the claim in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *Id.* at 756–57, 116 S.Ct. 501. The *Bailey* case involved a new rule of law made retroactive by the Supreme Court. The Supreme Court recently held that only a decision by the Supreme Court itself can declare a new rule to be retroactively applicable. *Tyler v. Cain,* 533 U.S. 656, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001). This Court subsequently held that the Supreme Court has not made the *Apprendi* decision retroactively applicable to cases on collateral review. *In re Clemmons,* 259 F.3d 489, 493–94 (6th Cir.2001).

Because the *Apprendi* case does not apply retroactively, Charles cannot raise a claim that satisfies the elements of a possible actual innocence claim as set forth in *Chandler.* The case Charles cites in his reply brief, *United States v. Tran,* 234 F.3d 798, 808 (2d Cir.2000), is distinguishable because *Tran* was a direct criminal appeal, not a § 2241 case controlled by *Chandler. See also McCoy v. United States,* 266 F.3d 1245, 2001 WL 1131653, at *2–6 (11th Cir.2001) (*Apprendi* claims are errors in criminal procedure, not jurisdictional claims). Charles has not shown that

his § 2255 remedy is inadequate or ineffective, and his petition lacks merit.

The motion for in forma pauperis status is granted solely for the purpose of deciding this appeal, and the judgment of the district court is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.