[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10723
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2011
JOHN LEY
CLERK

D. C. Docket No. 4:09-cv-00240-RBP-TMP

GUY MAXIMILLION TAYLOR,

Petitioner-Appellant,

versus

WARDEN GARY HERTZEL,
ATTORNEY GENERAL OF THE STATE OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 8, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Guy Taylor, an Alabama prisoner proceeding *pro se*, appeals the denial of his habeas corpus petition, 28 U.S.C. § 2254. We granted Taylor a certificate of appealability (COA) on the following issue only:

> Whether the district court erred in denying Taylor's claim that appellate counsel had been ineffective for failing to argue that Taylor had been convicted based on the uncorroborated testimony of an accomplice.

On appeal, Taylor argues two witnesses who testified against him at trial were his accomplices. Taylor claims the state failed to corroborate their testimony, as required by Alabama law, and his appellate and trial attorney provided ineffective assistance of counsel by failing to raise this argument at trial or on appeal. The state responds the district court never addressed the claim raised in the COA and, pursuant to *Clisby v. Jones*, 960 F.2d 925, 935-36 (11th Cir. 1992), we should vacate the district court's judgment against Taylor and remand the case back to the district court to permit it to determine whether the claim has merit.

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), appellate review is limited to the issues specified in the COA. 28 U.S.C. § 2253; *Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998). Procedural issues that must be resolved before we can

address the underlying claim specified in the COA are presumed to be encompassed in the COA. *McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001). Out of "deep concern over the piecemeal litigation of federal habeas petitions," we held in *Clisby* that the district courts must "resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to [§ 2254], regardless whether habeas relief is granted or denied." *Clisby*, 960 F.2d 935-936. When a district court fails to address all of the claims in a habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Id.* at 938.

The district court failed to address the claim raised in Taylor's COA. Therefore, we vacate the denial of Taylor's habeas petition and remand the case back to the district court for consideration of the claim.

**VACATED AND REMANDED.**