[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16394
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2011
JOHN LEY
CLERK

D. C. Docket Nos. 08-23482-CV-DLG,
05-20271-CR-DLG

IVAN BIDO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 20, 2011)

Before DUBINA, Chief Judge, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Ivan Bido, a federal prisoner, appeals *pro se* the district court's order denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. On appeal, he argues that the district court failed to apply the actual innocence exception to the procedural default rule and that he is "actually innocent" of being a career offender. Additionally, Bido argues that his motion asserted a constitutional violation because the district court violated his due process rights in two ways. First, he argues that his due process rights were violated because he was sentenced in excess of the ten-year statutory maximum due to the district court's incorrect application of the Armed Career Criminal Act ("ACCA"). Second, he argues that the sentence the court imposed violated his due process rights because he was not a career offender.

## I.

In a proceeding on a motion to vacate, set aside, or correct sentence, the district court's factual findings are reviewed for clear error while legal issues are reviewed *de novo*. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). We liberally construe *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Appellate review of an unsuccessful § 2255 motion generally is limited to the issues specified in the certificate of appealability ("COA"). *Murray v. United States*, 145 F.3d 1249, 1250–51 (11th Cir. 1998).

2

However, threshold procedural issues that must be resolved before we can reach the underlying claim are presumed to be encompassed within the COA. *See McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001).

A prisoner in federal custody may file a motion to vacate, set aside, or correct sentence "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Unless the claimed error involves a lack of jurisdiction or a constitutional violation, however, § 2255 relief is limited. *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 2240, 60 L. Ed. 2d 805 (1979). Generally, a non-constitutional error of law will only form the basis for § 2255 relief if it constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *Id.* at 185, 99 S. Ct. at 2240 (internal quotation marks omitted).

## II.

Under the career offender guideline, U.S.S.G. § 4B1.1, a defendant is sentenced as a career offender if, among other requirements, he has at least two prior felony convictions of either a crime of violence or a controlled substance

offense. Similarly, the ACCA enhances federal felon-in-possession sentences when the defendant has at least three prior convictions for either a violent felony or a serious drug offense. 18 U.S.C. § 924(e)(1). We have held that the definition of a "crime of violence" under the Sentencing Guidelines and a "violent felony" under the ACCA are "virtually identical." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). Following the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008), which narrowed the definition of a violent felony under the ACCA, we held that the crime of carrying a concealed firearm could no longer be considered a crime of violence under the Sentencing Guidelines. *Archer*, 531 F.3d at 1352.

## III.

In general, a criminal defendant who fails to object at trial, or to raise an issue on direct appeal, is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice. *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594, 71 L. Ed. 2d 816 (1982). However, he can show a fundamental miscarriage of justice and overcome the procedural bar by showing that he is "actually innocent." *See Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998). Although the COA did not identify Bido's procedural default as an

4

issue for review, a movant generally is not entitled to review of procedurally-defaulted claims. *See Frady*, 456 U.S. at 167-68, 102 S. Ct. at 1594. Therefore, we must consider whether the actual innocence exception applies to excuse Bido's procedural default. *See McCoy*, 266 F.3d at 1248 n.2.

Bido argues that the district court failed to apply the actual innocence exception and, relying on the panel opinion in *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010) ("*Gilbert I*"), *rev'd en banc*, 640 F.3d 1293 (11th Cir. 2011) (*"Gilbert II"*), claims that he is "actually innocent" of being a career offender. However, our recent *en banc* decision in *Gilbert II* forecloses this argument for two reasons. First, Gilbert also had argued that he was actually innocent of being a career offender, but we categorically rejected that claim, explaining that Gilbert was neither charged with, nor convicted of, being a career offender. *Gilbert II*, 640 F.3d at 24–25. Second, in order to invoke the actual innocence exception to the procedural default rule, a petitioner must show that his conviction resulted from a constitutional violation. *Id.* at 25; *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1334 (11th Cir. 2008). However, a petitioner's claim that a Sentencing Guideline provision was misapplied to him at sentencing is not a constitutional claim. *Gilbert II*, 640 F.3d at 27. Accordingly, the actual innocence exception does not apply to Bido. Because Bido has not demonstrated a fundamental miscarriage of

5

justice to excuse his procedural default, we decline to reach the merits of his procedurally-defaulted claim, and we affirm the district court's order denying his § 2255 motion.

**AFFIRMED.**