[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 28, 2001
THOMAS K. KAHN
CLERK

_____

No. 98-3684
Non-Argument Calendar
_____

D.C. Docket No. 91-01032-1-CR-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN COLLIER WIMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(March 28, 2001)**

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before TJOFLAT, EDMONDSON and HULL, Circuit Judges.

PER CURIAM:

This case is before the court for consideration in light of <u>Apprendi v. New</u> <u>Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

## I.

John Collier Wims was indicted by a Northern District of Florida grand jury on December 10, 1991.[1]  Wims was charged in seven of the eleven counts.  Count One charged Wims and six others with conspiracy to distribute cocaine and cocaine base (crack cocaine) in violation of 21 U.S.C. § 846 (by virtue of violating 21 U.S.C. §§ 841(a) and 841(b)(1)(A)); Counts Two through Six charged Wims with five separate instances (from January to August 1989) of possession of, with the intent to distribute, a mixture containing cocaine, all in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A) and 18 U.S.C. § 2.  Count Eleven was a forfeiture count for drug proceeds, pursuant to 21 U.S.C. § 853(a)(1).

Wims went to trial with four co-defendants; the other two co-defendants testified for the Government at the trial.  A jury found Wims guilty as charged on March 9, 1992.  On May 22, 1992, the district court sentenced Wims to life

---

[1] This indictment superseded a previous indictment, issued September 10, 1991, against Wims and two others.  We refer to this superseding indictment simply as "the indictment."

imprisonment on Counts One and Two, and to forty years' imprisonment on each of Counts Three through Six.[2] All sentences were to be served concurrently.

Wims appealed, but his appeal was dismissed for want of prosecution. On November 5, 1998, the district court, in a proceeding brought under 28 U.S.C. § 2255, granted Wims leave to prosecute an out-of-time appeal. We affirmed the convictions and sentences. United States v. Wims, 207 F.3d 661 (11th Cir. Jan. 4, 2000) (per curiam) (unpublished table decision). The United States Supreme Court granted Wims's petition for a writ of certiorari, vacated our judgment, and remanded for further consideration in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Wims v. United States, ___ U.S. ___, 121 S. Ct. 32, 148 L. Ed. 2d 3 (Oct. 2, 2000) (mem.).

II.

The only issue before us on remand is whether Wims's sentences should be set aside because they violate the constitutional principle that every element of a crime must be proven to a jury beyond a reasonable doubt.[3] Because the defendant

_____

[2] The forfeiture count was dismissed on motion of the Government.

[3] Wims also alleges that there was insufficient evidence to prove a conspiracy, that unreliable hearsay formed the basis for attributing drug quantity to him, and that the prosecutor's closing argument to the jury was impermissible. We adhere to our previous disposition of these issues. United States v. Wims, 207 F.3d 661 (11th Cir. Jan. 4, 2000) (per curiam) (unpublished

3

did not raise a constitutional objection at or before sentencing, we review this case for plain error.[4]  See United States v. Candelario, 240 F.3d 1300 (11th Cir. 2001). Before we may correct an error that was not timely raised, all four prongs of plain error review must be satisfied: "[T]here must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights. . . .  If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  Johnson v. United States, 520 U.S. 461, 467, 117 S. Ct. 1544, 1549, 137 L. Ed. 2d 718 (1997) (internal quotations and citation omitted) (alteration in original); see also Fed. R. Crim. P. 52(b).

The first prong of plain error review requires that there must be error.  Wims alleges that there is error insofar as his sentences exceed the twenty year maximum penalty prescribed in 21 U.S.C. § 841(b)(1)(C) for convictions of cocaine possession (or conspiracy) without reference to quantity.[5]  We agree that there is

_____

table decision).

[4] We will consider the Apprendi issue because Wims, in his initial brief on appeal, raised the constitutional issue that drug quantity should have been determined by the jury.  Cf. United States v. Ardley, ___ F.3d ___, No. 98-7033 (11th Cir. Feb. 20, 2001) (holding, in a case on remand from the Supreme Court for reconsideration in light of Apprendi, that the defendant abandoned the Apprendi issue because he failed to raise it in his initial brief, his reply brief, or in his suggestion for rehearing en banc).

[5] 21 U.S.C. § 841(b)(1)(C) reads, in pertinent part:
In the case of a controlled substance in schedule I or II, except as provided in

4

error.  In Apprendi, the Supreme Court established, as a constitutional matter, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi, 530 U.S. at ___, 120 S. Ct. at 2362-63; see also Jones v. United States, 526 U.S. 227, 243 n.6, 119 S. Ct. 1215, 1224 n.6, 143 L. Ed. 2d 311 (1999) (stating that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt").  In light of Apprendi, we have held that "drug quantity in [21 U.S.C. §] 841(b)(1)(A) and section 841(b)(1)(B) cases must be charged in the indictment and proven to a jury beyond a reasonable doubt."  United States v. Rogers, 228 F.3d 1318, 1327 (11th Cir. 2000).  There is error if the defendant's sentence exceeds the maximum sentence allowed by statute without regard to quantity.  Id. at 1328; United States v. Nealy, 232 F.3d 825, 829 (11th Cir. 2000).  In the instant case, Wims's sentences of life imprisonment (Counts

---

subparagraphs (A), (B), and (D), such person shall be sentenced to a term of imprisonment of not more than 20 years . . . [and if] any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years . . . .

Cocaine is a schedule II drug.  21 U.S.C. § 812, Schedule II.

5

One and Two) and forty years' imprisonment (Counts Three through Six) exceed the twenty year maximum prescribed in section 841(b)(1)(C).[6] Wims thus satisfies the first prong of plain error review.

The second prong of plain error review requires that an error must be plain. An error is "plain" if it is "obvious" or "clear under current law." United States v. Olano, 507 U.S. 725, 734, 113 S. Ct. 1770, 1777, 123 L. Ed. 2d 508 (1993). A sentence that exceeds the statutory maximum without regard to quantity is clear error under current law. See Rogers, 228 F.3d at 1328. This is sufficient for the error to be considered "plain" even though the law was different at the time of Wims's conviction and sentencing. See Johnson, 520 U.S. at 468, 117 S. Ct. at 1549 (holding that "where the law at the time of trial was settled and clearly contrary to the law at the time of appeal – it is enough that an error be 'plain' at the time of appellate consideration").

Although Wims shows that there was plain error in his sentences, he is unable to satisfy the third prong of the plain error review: Wims fails to show that

---

[6] We note in passing that even though the indictment did not specify drug quantities, as required by Rogers, 228 F.3d at 1327, it charged Wims with crimes by alleging violations of section 841(a) and put Wims on notice that he was subject to potential life imprisonment by claiming that his actions violated section 841(b)(1)(A). (In fact, by alleging violations of section 841(b)(1)(A), the indictment served Wims with notice that the Government was charging him with possessing (or conspiring to possess) at least five kilograms of a mixture containing a detectable amount of cocaine or at least fifty grams of a mixture containing cocaine base.)

the error affected his substantial rights. Counts Three through Six of the indictment charged Wims and Pablo Cruz with possession of cocaine, with intent to distribute, on four separate occasions in 1989. Cruz entered into a plea bargain; Wims was convicted and sentenced to forty years' imprisonment on each count.[7] At trial, Cruz testified for the prosecution that he delivered two-kilogram quantities of cocaine to Wims in four successive months in 1989; that is, Cruz made four two-kilogram deliveries to Wims.[8] Wims did not contest, either at trial or sentencing, the amounts of the drugs about which Cruz testified.[9] Because the

---

[7] We note that, under the Sentencing Guidelines, Wims could have been sentenced to more than forty years' imprisonment on Counts Three through Six based on relevant conduct, despite the asserted cap in the Pre-Sentence Investigation Report ("PSI") of forty years, pursuant to 21 U.S.C. § 841(b)(1)(B). (The indictment, in fact, charged Wims with violating 21 U.S.C. §§ 841(a) and 841(b)(1)(A).) Because the Government has not cross-appealed the error of the district court in adopting the PSI's stated maximum imprisonment of forty years, we do not address the error.

[8] The defendant's brother (Willie Wims, Sr.), nephews (Willie Wims, Jr., and Otis Wims), and niece (Velinda Wims) also testified regarding Counts Three through Six. The only substantial variance from Cruz's testimony was that the amount of drugs in two of the four transactions may have been slightly higher or lower than two kilograms. Willie Wims, Jr., testified that one of the purchases (June 1989) involved a sale of 2.5 kilograms from Cruz to the defendant, but the defendant only kept two kilograms, giving half a kilogram to Willie Wims, Jr. Velinda Wims testified that another of the purchases (July 1989) involved one kilogram and two ounces, rather than two kilograms. (Velinda also testified that this purchase was made for the defendant from Cruz's twin brother rather than from Cruz; this does not change our analysis.) These minor variances regarding quantity, even if true, do not alter the outcome of this case.

[9] In fact, Wims's only unsuccessful objection at sentencing regarding drug quantity was that the PSI improperly attributed 196 kilograms of cocaine to him in relation to the conspiracy in Count One. A ruling in Wims's favor would have altered the amount of drugs attributable to him from 270 kilograms to 74 kilograms. This would have changed Wims's base offense level under the Sentencing Guidelines from 44 to 42. (The offense level based on drugs would have decreased from 38 (150 or more kilograms of cocaine) to 36 (at least 50 but less than 150

amount of drugs was uncontested on Counts Three through Six, the jury <u>must</u> have found that Wims possessed "500 grams or more of a mixture or substance containing a detectable amount of" cocaine. 21 U.S.C. § 841(b)(1)(B). Because conviction for a violation of section 841(b)(1)(B) carries a term of imprisonment between five and forty years, Wims's forty year sentences do not exceed the "prescribed statutory maximum" sentence in violation of <u>Apprendi</u>, 530 U.S. 466, 120 S. Ct. 2348. Wims's substantial rights were therefore not affected by receiving forty year sentences on Counts Three through Six. <u>See</u> <u>Candelario</u>, 240 F.3d at 1311-12.

Count Two of the indictment charged Wims with possession of cocaine, with intent to distribute, on January 18, 1989, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A). Wims was convicted and sentenced to life imprisonment on this count. The undisputed testimony at trial was that the amount of cocaine purchased on January 18, 1989, was six one-kilogram packages;[10] the only issue was whether

---

kilograms of cocaine); the 4 level increase for role in the offense and the 2 level increase for use of a firearm during the offense would not have changed.) Based on Wims's criminal history category of I, an offense level of 44 carries a mandatory term of life imprisonment; an offense level of 42 carries a range of 360 months to life imprisonment. The district court could have sentenced Wims to the same terms of imprisonment under either offense level.

[10] The testimony regarding the January 18, 1989, possession showed that six kilograms were confiscated by police in a traffic stop of Willie Wims, Sr. (the defendant's brother), who was traveling as the lead car (the "mule" car) in a two-car caravan from Miami to New York; the defendant was in the second car (the "point" car) of this caravan. The testimony came from Willie Wims, Sr. (the driver of the first car), the passenger in the first car, the defendant's

8

the drugs from this transaction belonged to the defendant. The jury's guilty verdict reveals that they did attribute the drugs to Wims, which necessarily means they attributed six kilograms of cocaine to Wims. Wims failed to object, either at the sentencing hearing or in his written objections to the PSI, to the quantity of drugs from this transaction as six kilograms, providing further support for the proposition that the amount was not at issue.

For Wims to be sentenced to life imprisonment on Count Two after Apprendi, we must find that the jury, as a necessary part of its guilty verdict, determined possession of at least five kilograms of cocaine. See 21 U.S.C. § 841(b)(1)(A) (prescribing a sentence of between ten years and life imprisonment for possession of at least five kilograms of cocaine); cf. Candelario, 240 F.3d at 1312 (holding that a finding of at least five grams of cocaine base exposed the defendant to the penalties prescribed in section 841(b)(1)(B)). Because the jury necessarily determined that Wims possessed six kilograms of cocaine when it convicted him on Count Two, Wims's substantial rights were not affected by a sentence of life imprisonment, as authorized by section 841(b)(1)(A).

---

nephew (to whom the defendant later talked about the stop), the police officer who stopped the first car, the police officer who searched the first car and subsequently stopped the second car, and the lab technician who tested and quantified the cocaine. There was no testimony about an amount other than six kilograms.

9

Count One of the indictment charged Wims (and six others) with conspiracy to distribute cocaine and crack cocaine in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A), all in violation of 21 U.S.C. § 846. Wims was convicted and sentenced to life imprisonment on this count. A finding of at least five kilograms of cocaine is required to authorize a life sentence for Wims, pursuant to 21 U.S.C. § 841(b)(1)(A). The jury's convictions on Counts Two through Six demonstrate that the jury necessarily found at least five kilograms of cocaine, as the substantive offenses in those counts all formed part of the conspiracy.[11] Wims's sentence of life imprisonment on Count One did not, therefore, affect his substantial rights.

The fourth prong of plain error review is an inquiry whether the error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." Johnson, 520 U.S. at 467, 117 S. Ct. at 1549 (internal quotations omitted). Because Wims fails to satisfy the third prong of plain error review, we need not address this fourth prong. See Candelario, 240 F.3d at 1312.

---

[11] At a minimum, the jury found at least five kilograms of cocaine on Count Two alone. Moreover, the jury found at least 500 grams of cocaine on each of Counts Three through Six. (In fact, we believe that the jury found six kilograms (more than five kilograms) on Count Two and two kilograms (more than 500 grams) on each of Counts Three through Six, but we need not conclusively determine these greater amounts to dispose of this appeal.) It is clear, therefore, that the jury found at least seven kilograms of cocaine to convict Wims of all six counts. The fact that a higher amount of drugs was attributed to Wims at sentencing, as relevant conduct, is irrelevant for Apprendi purposes.

10

Although there was error in Wims's sentencing, his substantial rights were not affected by the error. Therefore, Wims's convictions and sentences are

AFFIRMED.