HULL, Circuit Judge,
concurring in part and dissenting in part:
I concur in all of the majority’s opinion except as to Section IV.B’s discussion and conclusion as to Count 40, which charges the defendants with an obstruction of justice, in violation of 18 U.S.C. § 1512(c)(2). The majority opinion concludes that Count 40 in the superseding indictment is constitutionally insufficient notice of the obstruction charge, even though Count 40 cites the statute, tracks the full language of § 1512(c)(2) and provides the factual elements of the crime. For the reasons below, I believe the majority opinion’s conclusion is inconsistent with our precedent and incorrect in any event.
We read the indictment “as a whole.” United States v. Jordan, 582 F.3d 1239, 1245 (11th Cir.2009). As the majority opinion recognizes, we “give the indictment a common sense construction, and its validity is to be determined by practical, not technical, considerations.” United States v. Wayerski, 624 F.3d 1342, 1349 (11th Cir.2010) (quoting United States v. Poirier, 321 F.3d 1024, 1029 (11th Cir.2003)); accord United States v. Gold, 743 F.2d 800, 812 (11th Cir.1984). The indictment need only notify the defendant of the elements of the charged offense and enable the defendant to plead double jeopardy in the event of a later prosecution for the same offense. United States v. Woodruff, 296 F.Sd 1041, 1046 (11th Cir.2002); United States v. Yonn, 702 F.2d 1341, 1348 (11th Cir.1983). .
In light of this low threshold, we have explained on numerous occasions that an indictment referring to the statute upon which the charge is based adequately informs the defendant of the charge. See Wayerski, 624 F.3d at 1350 (rejecting challenge to indictment for child exploitation enterprise because indictment referred to 18 U.S.C. § 2252A(g)); United States v. Ndiaye, 434 F.3d 1270, 1299 (11th Cir. 2006) (rejecting challenge to indictment for providing false information because indictment referred to 42 U.S.C. § 408(a)(6)); United States v. Wims, 245 F.3d 1269, 1272 n. 6 (11th Cir.2001) (“[T]he indictment ... charged [the defendant] with crimes by alleging violations of [21 U.S.C.] section 841(a) and put [the defendant] on notice that he was subject to potential life imprisonment by claiming that his actions *1272 violated section 841(b)(1)(A).”); United States v. Fern, 155 F.3d 1318, 1325-26 (11th Cir.1998) (rejecting challenge to indictment for making false statements because indictment referred to 42 U.S.C. § 7413(c)(2) and stating that, “[i]f an indictment specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge”); United States v. Gayle, 967 F.2d 483, 485 (11th Cir.1992) (en banc) (rejecting challenge to indictment for impersonating an FBI agent because indictment referred to 18 U.S.C. § 912 and “use of the statutory language alone allows an indictment to withstand a motion to dismiss”); United States v. Critzer, 951 F.2d 306, 308 (11th Cir.1992) (reversing district court’s dismissal of indictment for providing false information because indictment referred to 18 U.S.C. §§ 1344(l) and 2113(a)); United States v. Alvarez-Moreno, 874 F.2d 1402, 1410 (11th Cir.1989) (“An indictment charging a [continuing criminal enterprise] is sufficient for constitutional purposes if it articulates in statutory language the elements of the violation.”); United States v. Stefan, 784 F.2d 1093, 1102 (11th Cir.1986) (indictment for knowingly making false statement was sufficient because it referred to 18 U.S.C. § 1001); United States v. Edwards, 777 F.2d 644, 650-51 (11th Cir.1985) (rejecting challenge to indictment for tax evasion because indictment referred to 26 U.S.C. § 7201, which set forth the elements of the crime); United, States v. Varkonyi, 645 F.2d 453, 456 (5th Cir.1981)[1] (rejecting challenge to indictment for assault and interference against a federal officer because indictment referred to 18 U.S.C. § 111, which “directed] the reader to 18 U.S.C. § 1114, wherein the reader would find a listing of the particular federal officers protected by the statute”); see also United States v. Adkinson, 135 F.3d 1363, 1375 n. 37 (11th Cir.1998) (“An indictment need do little more than track the language of the statute charged to be sufficient.”); United States v. Chilcote, 724 F.2d 1498, 1505 (11th Cir.1984) (explaining that “the indictment’s reference to the statute” cured “[a]ny slight variation between the language of the indictment and the statute itself’). Likewise, the Supreme Court has explained that “[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself, so long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.” Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974) (quotation marks omitted); accord United States v. Ramos, 666 F.2d 469, 474 (11th Cir.1982) (citing cases).
Here, Count 40 of the superseding indictment plainly meets these standards. The indictment alleges:
[t]hat between on or about October 1, 2005, through the date of the return of this superseding indictment [March 18, 2008], in the Northern District of Florida and elsewhere, the defendants ... did corruptly obstruct, influence and impede and attempt to corruptly obstruct, influence and impede the due administration of justice in an official proceeding, in violation of Title 18, United States Code, Section 1512(c)(2).
The indictment not only identifies 18 U.S.C. § 1512(c)(2), the statute upon which the charge in Count 40 is based, but also parrots the language of that subsection. See 18 U.S.C. § 1512(c) (mandating fine and imprisonment for “[w]hoever corruptly ... (2) ... obstructs, influences, or un *1273 pedes any official proceeding, or attempts to do so”). By tracking the statutory language, the indictment notified the defendants of the essential elements of a § 1512(c)(2) offense. See United States v. Mintmire, 507 F.3d 1273, 1289 (11th Cir. 2007) (identifying as elements of a § 1512(c)(2) offense (1) an official proceeding was occurring; (2) the defendant “engaged in conduct which constituted a substantial step toward the commission of the crime”; (3) the defendant acted “corruptly”; and (4) “the natural and probable effect of [the defendant’s] conduct would be the interference with the due administration of justice” (quotation marks and alterations omitted)).
To be sure, we have also stated that an indictment is sufficient if it tracks the more general language of the statute and provides a statement of facts that gives notice. See United States v. Schmitz, 634 F.3d 1247, 1261 (11th Cir.2011); United States v. McNair, 605 F.3d 1152, 1186 (11th Cir.2010); Jordan, 582 F.3d at 1246; United States v. Walker, 490 F.3d 1282, 1296 (11th Cir.2007); United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006); Ndiaye, 434 F.3d at 1299; United States v. Bobo, 344 F.3d 1076, 1083 (11th Cir.2003); see also Fed.R.Crim.P. 7(c)(1) (“The indictment or information must be a plain, concise, and definite •written statement of the essential facts constituting the offense charged....”).
But even bare statements of facts have provided adequate notice under our standards. See Sharpe, 438 F.3d at 1263 n. 3 (“It is not necessary for an indictment ... to allege in detail the factual proof that will be relied upon to support the charges.” (quotation marks and citation omitted)). And as shown by the many cases above, the language of the statute alone, setting forth the factual elements of the offense, often provides the essential facts and adequate notice. Indeed, we have rejected challenges to indictments that.articulate equal or less factual detail than Count 40.
For example, in United States v. Poirier, 321 F.3d 1024 (11th Cir.2003), we considered two defendants’ arguments that their indictment for wire fraud under 18 U.S'.C. § 1343 was constitutionally insufficient because the indictment did not specify the money or property of which the victim was deprived. Id. at 1029. We rejected that claim because the indictment alleged that the defendants deprived the victims of “money and property.” Id. (emphasis in original). We also rejected one Poirier defendant’s argument that his indictment for honest-services fraud under 18 U.S.C. § 1346 was insufficient because it did not allege-that the documents he unlawfully transmitted were confidential. Noting that the indictment stated that the defendant transmitted documents related to his employer’s request-for-proposal, we explained that “[c]ommon sense tells us that the documents listed in the indictment constituted confidential information.” Id.
In United States v. Yonn, 702 F.2d 1341 (11th Cir.1983), the defendant claimed that his indictment on a charge of conspiracy to import marijuana was too vague to provide adequate notice of the charge. Id. at 1347-48. We rejected this challenge because the indictment, in addition to reciting the essential elements of the offense, alleged that the conspiracy lasted from June 1, 1981 until the date of the indictment and “at least partially” described the conspiracy’s locale as, “in the Northern District of Florida and elsewhere.” Id. at 1348. “Taken as a whole,” we explained, “these allegations adequately set forth the offense charged.” Id. Relying on Yonn, we rejected a similarly worded indictment in United States v. Bascaro, 742 F.2d 1335 (11th Cir.1984), abrogated in part on other grounds by United States v. Lewis, 492 F.3d 1219 (11th Cir.2007); see also United States v. Cole, 755 F.2d 748, 759 (11th *1274 Cir.1985) (rejecting challenge to indictment on charge of conspiracy to import marijuana where indictment specified time of conspiracy as “some unknown time prior to October 1, 1977, until the date of the filing of the original indictment” and location as in “St. Lucie, Dade, and Monroe Counties, within the Southern District of Florida, and elsewhere.”).
The majority opinion concludes that even a “common sense construction” of Count 40 provides notice only that “the defendants obstructed an unknown official proceeding at some time in some place by some action.” But Count 40 provides at least as much notice of the time and place of the defendants’ crimes as the indictments in Yonn and Bascan. Count 40 states that the defendants’ obstruction of an official proceeding occurred “between on or about October 1, 2005, through the date of the return of this superseding indictment [March 18, 2008]” and that the obstruction occurred “in the Northern District of Florida and elsewhere.” The lack of additional or more detailed facts is constitutionally insignificant. See United States v. Steele, 178 F.3d 1230, 1234 (11th Cir.1999) (“[T]he law is well settled that a failure to [specify an exact date of the alleged offense] does not in all circumstances preclude a defendant from preparing an adequate defense or protecting against double jeopardy.”); United States v. Jenkins, 779 F.2d 606, 608 n. 1 (11th Cir.1986) (“The six year duration of the conspiracy charged, rather than being an indication of vagueness in the indictment, instead reflects the expansiveness of the joint enterprise undertaken by the defendants here----”). This is especially so given the uncomplicated and straightforward nature of the particular crime at issue in Count 40, to wit, corruptly obstructing, influencing or impeding justice in an official proceeding.
Even assuming arguendo that an indictment for obstruction of an official proceeding must give more details as to the specific nature of the official proceeding obstructed, a “common sense construction” shows that the indictment here suffices. See Poirier, 321 F.3d at 1029. Though Count 40 does not describe the specific nature of the official proceeding that the defendants obstructed, the indictment read “as a whole” surely does. See Jordan, 582 F.3d at 1245. Count 2, which charged the defendants with conspiring to obstruct official federal grand jury proceedings, states:
Beginning in March of 2007, a federal grand jury sitting in Baltimore, Maryland, (and later in July of 2007, a federal grand jury sitting in Pensacola, Florida) conducted an investigation into allegations that the defendants were engaged in a child exploitation enterprise, in violation of Title 18, United States Code, Section 2252A(g).[2]
The indictment identifies no other official proceeding, and no count of the indictment besides Counts 2 and 40 charges the defendants with offenses related to obstruction of an official proceeding. As a practical matter, then, the defendants cannot credibly claim that Count 40’s failure to identify the obstructed proceeding left them with inadequate notice of the § 1512(c)(2) charge. Allegations in one part of an indictment may inform allegations in other parts of the same indict *1275 ment. See United States v. Cox, 664 F.2d 257, 258-59 (11th Cir.1981) (concluding that indictment as to Count 6, conversion of government property of the value of $24,916.82, was sufficient because Count 4, conspiracy to convert government property, “clearly described the property and identified it by the same value”); see also Schmitz, 634 F.3d at 1262 n. 10 (“[Factual allegations in one count can inform or provide meaning to the factual allegations in another count.” (citing Jordan, 582 F.3d at 1246)); Sharpe, 438 F.3d at 1264 n. 4 (finding “foregoing factual allegations [in Count 1] sufficient to assert a conspiracy to launder money, as charged in Count 2. ”); Poirier, 321 F.3d at 1029 (rejecting claim that indictment was insufficient for failing to allege that unlawfully transmitted documents were confidential because “[ojther parts of the indictment made it evident that the property involved was certain confidential information.”); Fern, 155 F.3d at 1326 (concluding that it was an “entirely sensible inference that the false statements referred to in the indictment related to the specific allegations described earlier in the indictment”); United States v. Elkins, 885 F.2d 775, 782 (11th Cir.1989) (concluding that indictment properly charged conspiracy to defraud even though conspiracy count charged only conspiracy to commit substantive offenses because “violations of the substantive offenses constituted fraud against the government”); Ramos, 666 F.2d at 474 (rejecting claim that indictment for conspiracy to possess and distribute methaqualone was “unduly vague with regard to the time and place of the purported offense” in part because “the remaining substantive counts” of the indictment provided details as to time and place). Given the proceedings identified in Count 2, which charged a conspiracy to obstruct an official proceeding, it defies common sense to conclude that Count 40 provided insufficient notice for not identifying the same proceedings again.
This circuit has been loath to vacate criminal convictions merely because an indictment is imperfect. “[T]he appropriate test ... is not whether the indictment might have been drafted with more clarity, but whether it conforms to minimal constitutional standards.” Poirier, 321 F.3d at 1029 (quotation marks omitted). Indeed, the majority opinion cites only two cases in which we held that an indictment was insufficient for failing to include certain factual details. See Schmitz, 634 F.3d at 1259-64; Bobo, 344 F.3d at 1084-85. In both of these cases, the indictment’s defects were far more egregious than Count 40’s failure to identify the official proceedings identified elsewhere in the same indictment.
In Schmitz, the defendant challenged her convictions on four counts charging embezzlement, theft, fraud, conversion, and misapplication of funds under 18 U.S.C. § 666(a)(1)(A). Schmitz, 634 F.3d at 1260-61. We held that the indictment as to the fraud charges in these counts was insufficient because they “provide[d] absolutely no factual detail regarding the scheme to defraud.” Id. (emphasis added); see id. at 1261 (explaining that the indictment alleged “no facts or circumstances” to support the charges). Rather, the counts “simply allege[d] that [the defendant] did embezzle, steal, obtain by fraud and without authority convert to her own use, and intentionally misapply the salary and other benefits she received.” Id. at 1261 (quotation marks omitted). Due to the utter lack of factual support in these counts, the government could not rely on facts alleged in other parts of the indictment to cure the defendant’s lack of notice.[3] In contrast, Count 40 alleges that *1276 the defendants obstructed an official proceeding at a certain place and time. As noted above, the referenced proceedings are plainly those described in Count 2. Accordingly, per Schmitz’s own reasoning, the factual allegations in Count 2 “inform” the charge in Count 40. Schmitz, 684 F.3d at 1263 n. 10 (“We are not dealing in this case with factual allegations in one count that simply inform or provide meaning to factual allegations in a separate count.”).
In addition, the defective indictment in Schmitz alleged multiple grounds of criminal liability; the four counts at issue each charged embezzlement, fraud, theft, conversion and misapplication of funds. See id. at 1263 (“The federal-funds counts allege all five means by which § 666(a)(1)(A) can be violated.”). Due to the lack of factual detail in these counts the defendant did not know whether the fraud allegation charged a discrete crime in addition to the allegations of embezzlement, theft and conversion or charged a mutually .exclusive theory of criminal liability under § 666(a)(1)(A) for a single criminal act. Id. at 1262-63; see also Yonn, 702 F.2d at 1348 (“[A]n indictment must be sufficiently specific to inform the defendant of the charge against him----”). Count 40 raises no such problem. That count charges the only offense punishable under § 1512(c)(2), and the purported missing factual detail relates only to the object of the defendants’ obstruction, not to whether the indictment charges a crime. Moreover, the object of the obstruction — an official proceeding during a specified time in the Northern District of Florida and elsewhere — is identified. The alleged missing detail is more precise information about an identified object.
United States v. Bobo, 344 F.3d 1076 (11th Cir.2003), is materially distinguishable on similar grounds. The indictment at issue in Bobo charged the defendant with one count of conspiring to “execute a scheme and artifice to defraud a health care benefit program” and one substantive count of the same, in violation of 18 U.S.C. § 1347(1). Id. at 1083-84. We vacated the defendant’s conviction as to the substantive count because the indictment “contained] no indication of what the government contended was unlawful about [the_ defendant’s] conduct.” Id. at 1084. Specifically, the substantive count did “not specify the scheme or artifice to defraud with which the government was charging [the defendant]” and failed “to mention a fraud in connection with the delivery or payment of health care benefits, items, or services,” as required for criminal liability under § 1347(1). Id. Though the government alleged that the defendant offered money to a third party, “the government made no mention in the indictment of a federal statute which prohibits the type of conduct alleged here.” Id.[4] Count 40 is free of these defects because the alleged conduct is plainly unlawful.
Finally, I disagree with the majority opinion’s conclusion that Count 40 is insufficient for failing to protect the defendants against future prosecution for the same offense. Though we have often explained that an indictment must “enable[ ] the ac *1277 cused to rely upon a judgment under the indictment as a bar against double jeopardy,” Woodruff, 296 F.3d at 1046, neither the defendants nor the majority opinion cite a single case in which we invalidated an indictment on the double-jeopardy grounds alone. Rather, our decisions show that the constitutional requirements of an indictment travel together; so long as an indictment provides sufficient notice as to the charge and identifies the elements of the charged offense, the indictment provides sufficient protection against double jeopardy. See, e.g., Wayerski, 624 F.3d at 1349-50 (concluding that Count 1 “was adequate to apprise the defendants of the charges and to plead double jeopardy in any future prosecution for the same offense”); Woodruff, 296 F.3d at 1048 (explaining standard and concluding that the indictment “was plainly sufficient”); Stefan, 784 F.2d at 1103 (explaining that indictment is sufficient if it “contains the elements of the offense charged” and “enables the accused to plead an acquittal or conviction in bar of future prosecutions” and concluding that “[t]he indictment in this case is adequate under this standard”). Because the indictment here provides sufficient notice of the charge as to time and place and the elements of the offense, the indictment provides sufficient protection against double jeopardy.
For these foregoing reasons, I conclude that Count 40 of the indictment is sufficient and thus would reach the remaining question of whether the evidence at trial was sufficient to convict the defendants in Count 40.

. In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981), we adopted as binding Fifth Circuit precedent decided prior to October 1, 1981.

. The discrepancy between the Count 40 allegation that the defendants’ obstruction began around October 1, 2005 and the Count 2 allegation that an official proceeding began in March 2007 is attributable to 18 U.S.C. § 1512(f)(1), which states that "an official proceeding need not be pending or about to be instituted at the time of the [obstruction] offense....” Further, given that the proceeding need not even be pending at the time of the obstruction, an indictment under § 1512(c)(2) would seem to require less factual specificity than other substantive criminal charges.

. We rejected the government’s argument in Schmitz that the these counts were sufficient "if the indictment is considered as a whole, *1276 and given a common-sense construction.” Id. at 1261. We explained that although "the factual allegations in one count can inform or provide meaning to the factual allegations in another count,” factual allegations in one count cannot inform a separate count that "include[s] absolutely no factual detail, either directly or through express incorporation.” Id. at 1262 n. 10.

. After finding the indictment insufficient as to the substantive count, we found the indictment insufficient as to the conspiracy charge. Id. at 1086 ("Where the scheme to defraud alleged in the substantive count is not sufficient to state an offense, a conspiracy count based upon the charge must also be found deficient.”).